**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JULIE TOTTEY,**

                              **Plaintiff,**

        **v.**                                              **5:05-CV-877**
                                                            **(FJS/DEP)**

**LIFE INSURANCE COMPANY OF NORTH**
**AMERICA a/k/a CIGNA GROUP INSURANCE,**

                              **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**OFFICE OF PETER N. LITTMAN**          **PETER N. LITTMAN, ESQ.**
308 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

**RUSSO, KEANE & TONER, LLP**           **KEVIN G. HORBATIUK, ESQ.**
33 Whitehall Street, 16th Floor
New York, New York 10004
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Following a bench trial in this matter, the Court determined that "Plaintiff ha[d] proven

that she was 'totally disabled' within the meaning of the Plan on May 4, 2005, when Defendant

terminated her benefits and remained so on June 14, 2005, when Defendant denied her appeal

from the May 4, 2005 decision.  Therefore, the Court [held] that Defendant erred in terminating

Plaintiff's benefits at that time."  _See_ Dkt. No. 25 at 8.  With respect to Plaintiff's request for the

attorney's fees and costs that she had incurred in prosecuting this action, the Court granted that

request after considering the five factors that the Second Circuit had established in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987). *See id.* at 8-9. Finally, the Court instructed Plaintiff to "file her application for attorney's fees and costs together with the supporting documentation, including the contemporaneous time records of her counsel," and provided Defendant with an opportunity to file any objections that it had to Plaintiff's application. *See id.* at 10.

In accordance with the Court's instructions, Plaintiff submitted her counsel's contemporaneous time records and an attorney affidavit in support of her request for $76,290.00 in attorney's fees and $7,715.77 in costs. *See* Dkt. No. 28. Defendant opposed the application on the grounds that (1) Plaintiff had failed to meet her burden to establish the prevailing rate in this District, (2) Plaintiff's requested hourly rate was substantially higher than the recently set rates in this District, and (3) the number of hours for which Plaintiff sought reimbursement was unreasonable due to block billing and her failure to bill for travel time at the proper hourly rate. *See, generally*, Defendant's Memorandum of Law. Therefore, Defendant argued that the Court should reduce the hours across the board. *See id.*

## II. DISCUSSION

In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), the court abandoned the use of the term "lodestar" when calculating an award of attorney's fees. *See id.* at 117 & n.4 (noting, however, that it did "not purport to require future panels of this court to abandon the term – it is too well entrenched . . . ."). In its place, the court stated that it thought that "the better course – and the one most consistent with attorney's fees

jurisprudence – [was] for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that [this] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* The court then defined the term "reasonable hourly rate" as "the rate a paying client would be willing to pay." *Id.* The court explained that, "[i]n determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors;[1] it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 117-18. Finally, the court instructed that "[t]he district court should . . . use th[e] reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'" *Id.* at 118.

Moreover, as the Second Circuit explained in *Farbotko v. Clinton County of N.Y.*, 433 F.3d 204 (2d Cir. 2005), "the equation in the case-law of a 'reasonable hourly fee' with the 'prevailing market rate' contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Id.* at 209. This inquiry

---

[1] The *Johnson* factors are as follows:

> (1) [t]he time and labor required[;] . . . (2) [t]he novelty and difficulty of the questions[;] . . . (3) [t]he skill requisite to perform the legal service properly[;] . . . (4) [t]he preclusion of other employment by the attorney due to acceptance of the case[;] . . . (5) [t]he customary fee[;] . . . (6) [w]hether the fee is fixed or contingent[;] . . . (7) [t]ime limitations imposed by the client or the circumstances[;] . . . (8) [t]he amount involved and the results obtained[;] . . . (9) [t]he experience, reputation, and ability of the attorneys[;] . . . (10) [t]he "undesirability" of the case[;] . . . (11) [t]he nature and length of the professional relationship with the client[;] . . . [and] (12) [a]wards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id.* (citations omitted).  However, the court must also evaluate the evidence that the parties proffer, keeping in mind that "the fee applicant has the burden of showing by 'satisfactory evidence – **in addition to** the attorney's own affidavits' – that the requested hourly rates are the prevailing market rates." *Id.* (citation omitted) (emphasis added).

Regarding the issue of what constitutes a "reasonable hourly rate," Plaintiff's counsel stated in his affidavit that, "[i]n those litigations in which [he] ha[d] been retained on an hourly fee basis, [he] ha[d] been paid at the reasonable and prevailing rate in the Ithaca and central New York community of $300.00 per hour for attorney's time, regardless of whether the time was for out of court or in court legal services."  *See* Affidavit of Peter Littman sworn to March 19, 2009 ("Littman Aff."), at ¶ 27.  He also asserted that he was "familiar with several other attorneys in the Ithaca and central New York area whose normal, reasonable rate of compensation for litigation matters [was] $300.00 an hour for legal services similar to those involved in th[is] . . . matter."  *See id.* at ¶ 28.  Other than Plaintiff's counsel's affidavit, however, Plaintiff did not submit any evidence that $300.00 per hour was "the rate a paying client [in this District] would be willing to pay" for his services in this particular type of case.  *Arbor Hill Concerned Citizens*, 493 F.3d at 117.

Recently, this Court reiterated that,

> based upon the relevant factors for determining [an attorney's fee] award, "the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney

> with less than four years experience, and $80 per hour for
> paralegals."

*Gollomp v. Spitzer*, No. 1:06-CV-802, 2009 WL 104194, *1 (N.D.N.Y. Jan. 14, 2009) (quoting [*Paramount Pictures Corp. v. Hopkins*, No. 5:07-CV-593, 2008 WL 314541,] at 5).

Since Plaintiff has the burden of proof regarding this issue and she has not submitted any evidence to contradict these fees, the Court concludes that, given Plaintiff's counsel's many years of experience and the other *Johnson* factors, the reasonable hourly rate for the services of an attorney with his experience in this District is **$210.00**.

   In his affidavit and in his contemporaneous time records, Plaintiff's counsel explained that he had expended a total of 254.3 hours in prosecuting this case on Plaintiff's behalf. *See* Littman Aff. at ¶ 29; *see, generally,* Contemporaneous Time Records.  Plaintiff's counsel further divided these hours into the following broad categories: (1) office visits – 20.7 hours; (2) phone calls – 25.9 hours; (3) legal research – 21.5 hours; (4) legal work – 123.7 hours; (5) correspondence – 29.1 hours; and (6) other – 33.4 hours.  *See* Littman Aff. at ¶ 29; *see, generally*, Contemporaneous Time Records.

   Defendant objected to the entries in Plaintiff's counsel's contemporaneous time records that indicated "block billing."  Defendant identified "roughly" 19.5 hours of block billing, which, according to Defendant's calculations, "amount[ed] to . . . $4,095 – based upon a rate of $210 per hour."  *See* Defendant's Memorandum of Law at 6 (citing Time Records at 2-4, 6-9, 13-14).  By way of example, Defendant cited the following entries:

> "Preparation of Waiver & Summons; final review of complaint and
> other documents for filing"; "Letter to defense counsel with Notice
> to Produce of three doctors and several CIGNA
> employees/witnesses; request for additional responses to plaintiff's
> 2nd Notice to Produce"; and "Review administrative record;

> prepare deposition questions for deposition of defendant's Claims
> Administrator, Richard Lodi."

*See id.*

As Defendant readily acknowledges, the Second Circuit does not prohibit block billing.

*See Sea Spray Holdings v. Pali Fin. Group, Inc.*, 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003)

(citing *Rodriguez*, 84 F. Supp. 2d at 425). In *Sea Spray Holdings*, the court defined block billing

as "'a form of time-keeping that involve[d] stating the total daily time spent on a case, rather than

separating out the time into individual entries describing specific activities.'" *Id.* at 325 n.3

(quoting *Rodriguez*, 84 F. Supp. 2d at 425). Furthermore, the court found that, because there

was a substantial amount of block billing, "it [was] difficult to determine whether, and/or the

extent to which, the work done by [the defendant's] attorneys [was] duplicative or unnecessary."

*Id.* at 326 (citation and footnote omitted).

The facts in this case are easily distinguishable from those in *Sea Spray Holdings*. The

examples of block billing to which Defendant directs the Court's attention are not vague and the

tasks included in those entries are either related to a single process or to related processes.

Therefore, the Court finds that the few instances of block billing in Plaintiff's counsel's time

records do not warrant an across-the-board reduction in the fees for which Plaintiff seeks

reimbursement.

With regard to travel time, Defendant is correct that the hourly rate for travel time is one-

half of the reasonable hourly rate for legal work. However, because the Court can readily

identify the entries that pertain to travel time, the Court rejects Defendant's suggestion that the

Court make an across-the-board reduction in the total award because Plaintiff applied the

incorrect hourly rate to these entries.  Rather, the Court will apply the hourly rate of $105.00 to the 14.4 hours of travel time for which Plaintiff seeks reimbursement.

Finally, with respect to costs and disbursements, although Defendant does not challenge any of the entries, the Court denies Plaintiff reimbursement for the "U.S. District Court Atty Registration Fee."  This biennial fee of $30.00 is not specifically related to this case.  Rather, it is a fee that all attorneys who are members of this Court's bar pay to practice in this Court.  *See* L. R. 83.1(a) ("[T]he $30.00 biennial registration fee . . . shall be due and owing . . . every two years . . . unless the Board of Judges directs otherwise.  Failure to remit this fee will result in the removal of the non-paying attorney from the Court's bar roll.")

In sum, after reviewing Plaintiff's counsel's contemporaneous time records and Defendant's objections thereto, the Court reduces Plaintiff's request for attorney's fees and costs from **$84,005.77** to **$59,576.77**.

### III. CONCLUSION

After carefully reviewing Plaintiff's application for attorney's fees and costs and Defendant's objections thereto and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's application for attorney's fees and costs is **GRANTED** in the amount calculated herein; and the Court further

-7-

**ORDERS** that Plaintiff is awarded attorney's fees in the amount of **$51,891.00**[2] for the services that her counsel provided to her in prosecuting this action on her behalf; and the Court further

**ORDERS** that Plaintiff is awarded costs in the amount of **$7,685.77** for out-of-pocket costs that her counsel incurred in prosecuting this action on her behalf; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to include the above-referenced amounts.

**IT IS SO ORDERED.**

Dated: November 10, 2009
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] The Court calculated the award of attorney's fees as follows:

| | | |
|---|---|---|
| 239.9 hours x $210.00 per hour | = | $50,379.00 |
| 14.4 hours x $105.00 per hour | = | 1,512.00 |
| **Total** | | **$51,891.00** |